IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00038-GPG

MICAH BLACKFEATHER,

    Applicant,

v.

COLORADO MENTAL HEALTH INSTITUTE AT PUEBLO,
BOULDER COUNTY DISTRICT COURT,
BOULDER COUNTY JAIL,
BOULDER COUNTY DISTRICT ATTORNEY'S OFFICE,
JENNIFER ENGLEMAN, and
BOULDER COUNTY PUBLIC DEFENDER'S OFFICE,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Micah Blackfeather, is confined at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Blackfeather initiated this action by filing *pro se* a document titled "Judicial Complaint" (ECF No. 1) complaining about the proceedings in his state court criminal cases and requesting, in part, that the criminal cases be dropped and that he be released from custody. The instant habeas corpus action was commenced and, on January 7, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Blackfeather to cure certain deficiencies if he wishes to pursue his claims. In particular, Magistrate Judge Gallagher directed Mr. Blackfeather to file on the proper form an application for a writ of habeas corpus and either to pay the $5.00 filing fee or to file on the proper form a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On February 9, 2015, Mr. Blackfeather submitted to the Court a

packet of papers (ECF No. 5) that consists of various pages from the court-approved forms for an application for a writ of habeas corpus and a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a habeas corpus action.

The Court must construe the papers filed by Mr. Blackfeather liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.

The packet of papers (ECF No. 5) filed on February 9 appears on the Court's docket as a pending motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That motion will be granted.  Furthermore, although Mr. Blackfeather has not filed a complete application for writ of habeas corpus as directed, the Court will address the claims he is asserting in this action.

Mr. Blackfeather is confined at the Colorado Mental Health Institute at Pueblo, apparently to determine or restore his competency to proceed in his pending criminal cases in the Boulder County, Colorado, District Court.  He alleges that he was arrested on false charges, that he is innocent of the pending charges, that the state court judge presiding over his criminal cases is incompetent and does not follow court rules, and that he has been denied the effective assistance of counsel.  As relief he asks that the pending criminal charges be dismissed and that he be released from custody.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.  See *Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).  Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the

state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Blackfeather concedes the state court proceedings are ongoing. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Blackfeather fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Blackfeather "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Mr. Blackfeather will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the

> defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889.  It is Mr. Blackfeather's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Blackfeather fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success.  He also fails to allege specific facts that demonstrate any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Blackfeather has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  In short, Mr. Blackfeather's conclusory assertions that he is innocent are not sufficient to overcome the bar of *Younger* abstention.

To summarize, the instant action will be dismissed because Mr. Blackfeather fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.  If Mr. Blackfeather ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 5) is GRANTED.  It is

FURTHER ORDERED the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  13th  day of   February  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court